UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR HAIRSTON, SR.,                )
                                     )
              Plaintiff,             )
   v.                                )        Civil Action No.  1:24-cv-03637 (UNA)
                                     )
SUPREME COURT OF                     )
THE UNITED STATES, *et al.*,         )
                                     )
              Defendants.            )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the court on review of the complaint, ECF No. 1, and plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2.  The court grants plaintiff's *in forma pauperis* application and, for the reasons explained below, dismisses this matter for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff sues the United States Supreme Court and its Clerk pursuant to the Freedom of Information Act ("FOIA"), seeking the immediate release of records that he requested from defendants in February 2024, and demanding $10,000 in damages.  *See* Compl. at 1–2; Compl. Exhibit 1, ECF No. 1-1 (Pl.'s FOIA Request, dated 2/24/24).

FOIA jurisdiction extends to claims arising from an *agency's* improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  But the federal judiciary, including the Supreme Court, is not an agency; therefore, it is not subject to the FOIA.  *See* 5 U.S.C. § 551(1)(B) (stating that "agency . . . does not include . . . the courts of the United States."); *Gaydos v. Mansmann*, Nos. No. 98-5002, 98-5003, 98-5005, 98-5013, 1998 WL 389104, at *1 (D.C. Cir. June 24, 1998) (per curiam) ("a Freedom of Information Act claim may not be brought against the

federal judiciary.") (citing 5 U.S.C. §§ 551(1)(B), 552(f)); *Byers v. U.S. Tax Court*, 211 F. Supp. 3d 240, 245 (D.D.C. 2016) ("Because of Congress's clear statement, Article III courts are exempt from the reach of FOIA.") (collecting cases), *appeal dismissed*, No. 16-5363, 2017 WL 11779487 (D.C. Cir., May 16, 2017); *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) (finding that the FOIA "specifically excludes from its coverage 'the courts of the United States.'") (quoting 5 U.S.C. § 552(f)); *Boyd v. Trump*, 478 F. Supp. 3d 1 (". . . to the extent plaintiff intends to bring a FOIA claim against a federal court or court employees, the claim must also be dismissed.") (collecting cases).

Moreover, and more generally speaking, the FOIA does not create a right of action against individuals, *United States Dep't of Navy,* 732 F. Supp. 240, 241 (D.D.C. 1990), and plaintiff may not seek damages under the FOIA.  *See Roman v. Nat'l Reconnaissance Off.*, 952 F. Supp. 2d 159, 163–64 (D.D.C. 2013) ("the sole remedy available to a requester [under the FOIA] is injunctive relief."); *accord Pickering-George v. Registration Unit*, *DEA/DOJ*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008).

For all of these reasons, this matter is dismissed.  A separate order accompanies this memorandum opinion.

Date:  February 25, 2025                     _____/s/_____
                                                             RUDOLPH CONTRERAS
                                                             United States District Judge